In the Matter of **CHEROKEE ASPHALT PAVING COMPANY., Inc., Bankrupt.**

**Frank J. McGHEE, Trustee, Appellant,**

v.

**STORY BROTHERS, INC., Appellee.**

**No. 14521.**

United States Court of Appeals
Sixth Circuit.
Nov. 9, 1961.

R. Arnold Kramer, Knoxville, Tenn., for appellant.

Ivan T. Privette, Knoxville, Tenn. (Privette & Mann, Knoxville, Tenn., on the brief), for appellee.

Before MARTIN and CECIL, Circuit Judges, and DARR, Senior District Judge.

## PER CURIAM.

This is an appeal by the Trustee of the Bankruptcy Estate of Cherokee Asphalt Paving Company, Inc. from a judgment rendered by the District Court denying the objections of the Trustee to the security on the claims of Story Brothers, Inc.

In 1958, Story sold to Cherokee certain personal property taking two promissory notes, each of which was secured by a conditional sales contract. Story endorsed these notes with recourse and sold them to a bank. In 1959, the bank required payment of the notes and arrangements were made by Cherokee and Story to obtain the money from Associates Discount Corporation to liquidate the indebtedness. New notes, executed by Cherokee and endorsed by Story with recourse, were given to Associates on which the same conditional sales contracts were recited as in the original notes. Practically simultaneously with the execution of the new notes, and with the money received therefrom, the old notes were paid off and mailed to Cherokee. Thereafter, Cherokee was adjudicated a bankrupt and the new notes were filed by Associates as claims against the bankrupt estate. Pending the bankruptcy proceedings, Associates assigned these claims to Story.

At all times the liens created by the conditional sales contracts stood as a protection to Story as an endorser with recourse. As Story was a secondary obligor, the liens remained at rest to become active should Story be called upon to pay.

The liens did not terminate when the substituted notes were made as the obligations remained the same and for the very same purposes.

At the time Cherokee assigned to Story, Story had these dormant liens that became alive upon the assignment.

Clearly the contracting parties intended the liens to continue. As the estate was not depleted by the transactions, the general creditors have no complaint.

In the opinion by District Judge Taylor, the announced conclusions of law drawn from the agreed facts were based on references to appropriate authorities and were righteous and just.

The judgment is affirmed.